ROANE, Judge.
This is an action of debt on a penalty conditioned for the performance of covenants, that is to say, a covenant for quiet enjoyment of a tract of land; it is brought by the heir of the original obligee; and the grounds, on which he sets up his right, are 1. That the bond is payable to Peter Eppes, his heirs, executors and administrators. 2. That the eviction is alleged to have been since the descent of the land to the heir.
It is certainly' a general principle, that *238 an executor is the proper party to recover debts due to the testator; and I have not been able to find a single instance of an action of debt being brought by the heir.
It is admitted that an heir may bring an action of covenant, upon a covenant running with the land, for a breach in his own time; and the executor may also bring the same action for a breach committed in the lifetime of the testator; And it is alleged by the counsel for the appellant that under our act of Assembly this action is substantially an action of covenant.
If this position were true, it would perhaps materially vary the opinion I have formed upon the subject.
^'Covenants, the performance whereof is secured by a penalty, are susceptible of a two fold remedy 1. An action of debt for the penalty, after the recovery of which the plaintiff cannot resort to the covenant; because the penalty is a satisfaction for the whole. 2. An action of covenant, in which the plaintiff, waiving the penalty, proceeds on the covenants, and may recover more or less than the penalty toties quoties, Lowe v. Peers, 4 Burr. 2225. The party therefore has his election; and, in the present case, the plaintiff has elected to bring an action of debt for the penalty.
A judgment in this action of debt will be in favor of the plaintiff for the whole penalty, altho’ he cannot (without a scire facias assigning new breaches) sue out execution for more, of that penalty, than is recovered, as a compensation for the breaches rightly assigned. One action is all that can be brought upon the penalty, proceeding by way of action of debt; but proceeding by action of covenant, and waiving the penalty, ever so many actions may be brought, and separate judgments will be given, in each, for the damages respectively sustained. I am therefore warranted in saying, that the position, that this action is substantially an action of covenant, is incorrect.
This opinion is further confirmed by considering the end and object of making our act relative to the assignment of breaches.
At common law, before that act, in such an action as the present the plaintiff could only assign a single breach; but, for that breach, he could recover judgment and sue execution, for the whole penalty; which often exceeded the real damage; and therefore the defendant was driven into equity for relief. It was to prevent that resort to a Court of Equity, and attain the same purpose in a court of common law, that the act of Assembly was made. But it never was intended, nor does *it operate, to convert the action of debt into an action of covenant.
If then this be not, even in substance, an action of covenant, but entirely an action of debt, it is not enough to support it, for the plaintiff to shew, that the heir may take the benefit of a covenant, as appertaining to his inheritance, but he must proceed in that action which the law gives him: And the cases cited on this part of the subject all have reference clearly to an action of covenant.
If this action is sustainable, it vests a right in the present plaintiff to the whole penalty (subject to his future assignment of breaches;) after which no resort can be had to the covenant itself. The consequence of which is that the executor is excluded from his for a breach committed in the testator’s lifetime; whereas, by confining the heir to sue his action of covenant, the executor may also sue his action of covenant, and each of them respectively recover the damages to which they are entitled.
If it be said, on the other hand, that this action of debt upon the penalty, if sued by the executor, would, on his obtaining a judgment, equally exclude the heir from injuries done in his time, I answer that the executor is the proper representative of the testator as to bringing actions of debt; that he can have no judgment without a breach; that, if he gets a judgment at all, it must be for the whole penalty; and that this is a consequence growing out of the nature of the security the testator has taken. Nevertheless, it may be that the executor would, in that case, be a trustee in Equity, for the damages sustained by the heir. But the only question now before us, is whether the heir has a legal right to sue an action of debt upon this penalty?
I beg it may be understood however, that I have formed no opinion (as being unnecessary in the case before us,) whether the present covenant is, *or is not, such an one as the heir may sue upon, by action of covenant for an eviction in his time.
There is no ground, whatever, for the position, that the heir has a right to sue in consequence of the word heirs being inserted in the Teneri of the bond, nor has a single authority been cited to support it.
I am therefore of opinion that the judgment of the District Court ought to be affirmed.
ELEMING, Judge.
The single question is whether the heir could bring an action of debt upon this bond? Every decedent leaves two representatives; the executor, who represents his personal rights; and the heir, who represents his real rights. It is the duty of the executor to collect together the personal estate; of which he is a trustee for payment of debts and legacies; and therefore is entitled to sue all actions which relate to the personalty; because he alone is entitled to the possession of the personal assets, for the purposes just mentioned. But the heir is entitled to the realty; and therefore every action, respecting that property, belongs to him. Now the bond in question, related to the lands altogether, and therefore constituted no part of the personal estate of the testator; as no breach had happened, or forfeiture incurred during his lifetime, so as to entitle the executor t'o a recompence for the damages which the testator had sustained: Consequently, the property in the bond belonged to the heir, as appertaining to the inheritance, which it was intended to secure. Eor conditions and covenants real, or such as are annexed to estates, descend to the heir, and he alone can take advantage of them. 3 Bac. ab. 20, cites 1 And. 55. If the bond had been conditioned for building a house upon the land, and the forfeiture had happened after the *239 death of the testator, it would surely be more consistent with reason and justice that the heir, who was to be benefited by «the building, should have the remedy whatever it was, in his own power, than that it should belong to the executor; who, having no interest in the matter, would not be concerned, whether the house was built or not. The case of the nomine poenas mentioned in Co. Ditt. 162, is expressly applicable; and shews that the interest, in conditions and covenants of this kind, vests in the heir. All the foregoing principles more strongly apply in a case like the present, where the land has been lost altogether; and the money recovered is to be in lieu of it. In such a case it would be strange if the law were to establish the useless circuity, of a suit first by the executor against the obligor, and then of a suit by the heir against the executor. It is certainly better to say, at once, that he -who has the right, has the remedy to assert it. There is a passage in Went-w'orth’s office of executors which may be thought to militate against this doctrine. But the author appears to me to have had no fixed opinion concerning it. For in one place he says, the money when recovered by the executor is assets, and in another that he is trustee for the heir. Both of which cannot be true. But they serve to shew however, the oscillation of his own mind upon the subject; and therefore but little weight is attached to his observations with respect to the point. It is said that there is no case produced of such an action having ever been brought by an heir; but that argument will perhaps apply both ways; for neither has any authority been produced, of its having ever been decided, that the action must be brought by the executor: Which leaves it equally as uncertain, whether an action, by the executor, could be maintained; and that very uncertainty is of itself, a reason, with me, for not sending the plaintiff back to explore the difficulty. Upon the whole, I am for reversing the judgment of the District Court, and entering judgment for the plaintiff.